**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BOBBY GRUBBS,**

                              **Plaintiff,**

    vs.                                              9:14-CV-0467
                                                            (MAD/CFH)

**JOHN SERRELL, Correction Officer, MARCIE**
**EVERLETH, Correction Officer, EUGENE RAIMO,**
**Correction Officer,**

                              **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**WILSON, ELSER LAW FIRM**           **MARC J. KAIM, ESQ.**
200 Great Oaks Boulevard -Suite 228
Albany, New York 12203
Attorneys for Plaintiff

**NEW YORK STATE**                    **LOUIS JIM, ESQ.**
**ATTORNEY GENERAL**             **COLLEEN D. GALLIGAN, ESQ.**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Bobby Grubbs brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 12. Presently before the Court is Magistrate Judge Christian F. Hummel's Report-Recommendation and Order recommending that the Court dismiss Plaintiff's remaining claims with prejudice. *See* Dkt. No. 122 at 2. For the following reasons, the Report-Recommendation and Order is adopted in its entirety.

The Court presumes the parties' familiarity with the facts in this case and recites only those facts necessary to review the Report-Recommendation and Order.[1]  Plaintiff filed the amended complaint in this action on August 25, 2014.  *See* Dkt. No. 12.  Following the Court's Order deciding Defendants' motion for summary judgment, all but two of Plaintiff's claims were dismissed.  *See* Dkt. No. 72 at 2.  Plaintiff's only remaining claims are for excessive force arising out of two separate incidents that took place at Great Meadow Correctional Facility ("Great Meadow C.F.").  The first incident took place on February 1, 2012, when Plaintiff alleges that Correction Officer ("CO") John Serrell used excessive force against Plaintiff, and CO Marcie Everleth failed to intervene.  *See* Dkt. No. 71 at 3-5.  The second incident occurred on January 22, 2013, when Plaintiff alleges that CO Eugene Raimo used excessive force against Plaintiff as he was transferring cells.  *See id.* at 5-6.

On September 11, 2017, the Court set a trial date to resolve Plaintiff's remaining claims.  *See* Dkt. No. 85.  On December 4, 2017—just one week before the trial was scheduled to begin—Defendants submitted a letter requesting that the Court hold an exhaustion hearing to determine whether Plaintiff exhausted his administrative remedies before filing this action in federal court.  *See* Dkt. No. 92.  Despite the last minute nature of Defendants' request, the Court agreed to hold an exhaustion hearing, which took place in front of Magistrate Judge Hummel on December 14, 2017.  *See* Dkt. No. 121.  After the hearing, Magistrate Judge Hummel filed the Report-Recommendation and Order that is presently before the Court recommending that the Court dismiss Plaintiff's remaining claims with prejudice.  *See* Dkt. No. 122 at 2.

---

[1] For a fuller statement of the background in this case, see Magistrate Judge Christian Hummel's August 18, 2016 Report-Recommendation and Order.  *See* Dkt. No. 71.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *accord Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Since Plaintiff has not filed objections, the Court will review the Report-Recommendation and Order for clear error.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must exhaust all available administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *See Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), *abrogated on other grounds by Ross v. Blake*, 136 S. Ct. 1850 (2016). The failure to exhaust is an affirmative defense that must be raised by the defendants and, as such, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford*, 548 U.S. at 90-103.

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* 7 N.Y.C.R.R. § 701.5(b). Second, an adverse decision by the IGRC may be appealed to the Superintendent of the Facility. *See id.* at § 701.5(c). Third, an adverse decision by the Superintendent may be appealed to Central Office Review Committee ("CORC"), which makes the final determination within the administrative review process. *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to section 1983. *See Bridgeforth v. DSP Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter*, 534 U.S. at 524); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). When a plaintiff presents a claim arising "directly out of a disciplinary or administrative segregation hearing . . . (*e.g.*, a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process, not by filing a separate grievance instead of or in addition to his ordinary appeal." *Sweet v. Wende Corr. Facility*, 514 F. Supp. 2d 411, 413 (W.D.N.Y. 2007)

(internal quotation and citations omitted); *see also Davis v. Barrett*, 576 F.3d 129, 131-32 (2d Cir. 2009).

In the present matter, Magistrate Judge Hummel correctly determined that Plaintiff failed to exhaust his administrative remedies as to either of his remaining excessive force claims. *See* Dkt. No. 122-1 at 91-92. First, Plaintiff filed a grievance regarding his excessive force claim against COs Serrell and Everleth, but he failed to appeal the Superintendent's denial of his grievance to CORC. *See id.* at 88-89. Second, Plaintiff also filed a grievance relating to his encounter with CO Raimo, but the grievance makes no reference to CO Raimo engaging in excessive force. *See Johnson v. Annucci*, No. 15-CV-3754, 2016 WL 3847745, *4 (S.D.N.Y. July 7, 2016) ("Second Circuit case law is clear that the grievance standard is similar to notice pleading in that a grievance 'must contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it") (quoting *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004)); *see also Singh v. Lynch*, 460 Fed. Appx. 45, 47 (2d Cir. 2012) (holding that the plaintiff failed to exhaust for the purposes of his assault claim where the grievance did not include any allegation of assault).

After carefully reviewing the parties' submissions, the transcript of the exhaustion hearing, Magistrate Judge Hummel's Report-Recommendation and Order, the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report, Recommendation, and Order (Dkt. No. 122) is **ADOPTED in full** and Plaintiff's amended complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 6, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge